IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| CHC-CLP OPERATOR | § | |
| HOLDING, LLC | § | CASE NO. 14-51104 |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Joint Administration Requested) |

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| CHC-SPC OPERATOR, INC. | § | CASE NO. 14-51106 |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Joint Administration Requested) |

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| SA-LAKELAND, LLC | § | CASE NO. 14 - 51103 |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Joint Administration Requested) |

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| SA-CLEWISTON, LLC | § | CASE NO. 14-51102 |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Joint Administration Requested) |

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| SA-ST. PETERSBURG, LLC | § | CASE NO. 14-51101 |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Joint Administration Requested) |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND TO PROVIDE
<u>ADEQUATE PROTECTION TO PREPETITION LENDERS</u>**

CHC-CLP Operator Holding, LLC, CHC-SPC Operator, Inc., SA-Lakeland, LLC, SA-Clewiston, LLC and SA-St. Petersburg, LLC (each, a "<u>Debtor</u>" and collectively, the "<u>Palm Terrace Debtors</u>"), as debtors and debtors-in-possession, file this motion (the "<u>Motion</u>") for

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 1

14-51104 - #15   File 09/05/14   Enter 09/05/14 22:27:02   Main Document   Pg 1 of 11

interim and final orders authorizing the Palm Terrace Debtors to use cash collateral and to provide adequate protection to prepetition lenders, and in support thereof, state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. On September 3-4, 2014 (the "Petition Date"), the Palm Terrace Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Also on or prior to the Petition Date, certain affiliates of the Palm Terrace Debtors (collectively with Palm Terrace Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. A motion seeking the joint administration of the Palm Terrace Debtors' Chapter 11 cases with those of the other Debtors is being filed concurrently with this Motion.

4. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, each of the Palm Terrace Debtors continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

## III. BACKGROUND

5. The Palm Terrace Debtors operate skilled nursing facilities located in Lakeland, Clewiston and St. Petersburg, Florida (the "Facilities"). A more detailed description of the Palm Terrace Debtors' businesses, as well as the events leading to the commencement of the Palm Terrace Debtors' Chapter 11 cases, is set forth in the Declaration of James A. Blalock, III (the "First Day Declaration") filed concurrently with this Motion, and is incorporated herein by reference.

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 2

14-51104 - #15  File 09/05/14  Enter 09/05/14 22:27:02  Main Document  Pg 2 of 11

## IV. PRE-PETITION INDEBTEDNESS

6.  The Palm Terrace Debtors are indebted to Pacific West Bank, successor by merger to CapitalSource Bank ("PacWest"), under the terms of a Revolving Credit and Security Agreement, dated November 25, 2008 (as amended, the "Credit Agreement"). The amounts owed under the Credit Agreement are secured by liens (the "Prepetition Senior Liens") on all or substantially all of the Palm Terrace Debtors' assets, including the following: (i) Accounts; (ii) Documents; (iii) Chattel Paper; (iv) Commercial Tort Claims; (v) Deposit Accounts; (vi) General Intangibles (including Payment Intangibles and Software); (vii) Goods (including Equipment, Inventory and all accessions and attachments thereto); (viii) Instruments; (ix) Investment Property; (x) Letter-of-Credit Rights; (xi) Supporting Obligations; (xii) money, rights to the payment of money, and insurance claims related to Accounts and proceeds; and (xiii) all proceeds and products of the foregoing (collectively, the "Collateral").

7.  Prior to the Petition Date, PacWest made loans and advances to the Palm Terrace Debtors in a maximum principal amount of up to $3 million, pursuant to the terms and conditions set forth in the Credit Agreement. The amounts borrowed under the Credit Agreement were used to fund general working capital requirements of the Palm Terrace Debtors. Beginning in 2009 and continuing at various times thereafter, certain Events of Default (as defined in the Credit Agreement) occurred, and the parties entered into various amendments to the Credit Agreement. As a result of the Events of Default, the amounts outstanding under the Credit Agreement are accruing interest at the default rate.

8.  Pursuant to the terms of a Security Agreement, dated November 28, 2012, between certain of the Palm Terrace Debtors and The PrivateBank and Trust Company ("PrivateBank"), certain of the Palm Terrace Debtors have granted PrivateBank a security interest in all Accounts, all applicable books and records relating to the Accounts, and all

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 3

14-51104 - #15   File 09/05/14   Enter 09/05/14 22:27:02   Main Document   Pg 3 of 11

proceeds of the foregoing. Pursuant to that certain Intercreditor and Subordination Agreement dated as of November 28, 2012 (hereafter "Intercreditor Agreement"), between PacWest and PrivateBank, PrivateBank subordinated all of the obligations and liabilities of and all liens granted by such debtors to PrivateBank (the "Prepetition Junior Liens"), to the Prepetition Senior Liens and the payment in full of all indebtedness to PacWest.

9. As of the Petition Date, according to the Palm Terrace Debtors' books and records, the aggregate amount outstanding under the Credit Agreement was approximately $1,980,322.47 (exclusive of fees and expenses).

## V. RELIEF REQUESTED

10. Prior to the Petition Date, the Palm Terrace Debtors conducted a lien search to determine which entities asserted a lien on the Palm Terrace Debtors' "cash collateral". The lien search revealed the liens filed by PacWest and PrivateBank.

11. The Palm Terrace Debtors believe that PacWest's and PrivateBank's liens constitute duly perfected, non-avoidable liens against the Collateral, and that the Palm Terrace Debtors' cash constitute "cash collateral," as such term is defined in Section 363(a) (the "Cash Collateral"). The Palm Terrace Debtors collect accounts receivable and uses those funds to meet operating expenses related to the Facilities.

12. Additionally, the lien search revealed UCC financing statements filed by US Foods, Inc. ("US Foods"), allegedly to secure payment of certain goods sold to the Palm Terrace Debtors. The Palm Terrace Debtors are investigating this claimed lien, but do not believe that the lien is valid and enforceable. Nonetheless, the Palm Terrace Debtors are providing notice of this Motion to US Foods.

13. In order to continue to operate and to preserve the value of the Facilities and allow the Palm Terrace Debtors to maintain the safety and proper care of the residents of the

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 4

14-51104 - #15   File 09/05/14   Enter 09/05/14 22:27:02   Main Document   Pg 4 of 11

Facilities, the Palm Terrace Debtors will be required to use and disburse Cash Collateral during the pendency of these bankruptcy cases. Specifically, the Palm Terrace Debtors require use of Cash Collateral to pay wages, maintenance expenses, utility expenses, rent and insurance premiums related to the Facilities, among other things. A budget reflecting necessary disbursements anticipated during the approximately next thirty (30) days is attached to this motion as **Exhibit A** (the "Budget"). By this Motion, the Palm Terrace Debtors request the authority to use Cash Collateral in accordance with the Budget pursuant to Section 363(c).

14. As adequate protection against any post-Petition Date erosion of the Cash Collateral within the meaning of Sections 361 and 363, the Palm Terrace Debtors propose to grant its secured creditors a replacement lien in all post-petition collateral that is subject to their pre-petition liens to the same extent, priority and validity as existed on the Petition Date. Accordingly, the Palm Terrace Debtors request an order granting the replacement liens as described herein.

15. Additionally, the Palm Terrace Debtors are separately filing a motion for authority to obtain debtor-in-possession financing for the purpose of, among other things, satisfying the obligations under the Credit Agreement and providing additional liquidity to the Palm Terrace Debtors during their bankruptcy cases.

## VI. BASIS FOR RELIEF

16. Pursuant to Section 363(c)(2) of the Bankruptcy Code, a debtor may not use, sell or lease cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Prior to the Petition Date, the Palm Terrace Debtors sought PacWest's consent to the use of the Cash Collateral in accordance with the Budget and as proposed herein. PacWest indicated that it would not make

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 5

14-51104 - #15  File 09/05/14  Enter 09/05/14 22:27:02  Main Document  Pg 5 of 11

additional advances under the Credit Agreement to the Palm Terrace Debtors during the bankruptcy cases, and desired to be "taken out" by another lender. In order to avoid the uncertainty, delay and expenses associated with a dispute over the use of cash collateral, and to provide additional liquidity for the Palm Terrace Debtors to fund their operations and administrative expenses of their bankruptcy cases, the Palm Terrace Debtors have obtained a commitment from a related party to provide debtor-in-possession financing (the "DIP Financing"). A motion seeking approval of the DIP Financing will be filed shortly.

17. Pending approval of DIP Financing, the Palm Terrace Debtors seek authority to use the Cash Collateral in return for the adequate protection liens and the terms and conditions set forth herein and an interim order entered by the Court.

18. Pursuant to Section 363(e) of the Bankruptcy Code, a court may condition a debtor's use of cash collateral as necessary to provide adequate protection of a party's interest in the cash collateral. 11 U.S.C. § 363(e). A determination of what constitutes adequate protection is made on a case by case basis. *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Snowshoe Co.*, 789 F.2d 1085, 1088 (4th Cir. 1986); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985). The Court may provide such adequate protection by, *inter alia*, granting additional or replacement liens to the extent the use of cash collateral results in a decrease in the value of an entity's lien or interest in the cash collateral. 11 U.S.C. § 361(a)(2).

19. As adequate protection for the use of Cash Collateral, the Palm Terrace Debtors propose to grant PacWest a replacement and/or substitute liens on all post-petition collateral subject to the Prepetition Senior Liens as provided in Section 361(a)(2) of the Bankruptcy Code (the "Senior Adequate Protection Liens"). The replacement liens shall have the same validity,

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 6

14-51104 - #15  File 09/05/14  Enter 09/05/14 22:27:02  Main Document  Pg 6 of 11

extent, and priority as the liens that PacWest possessed on the Petition Date. Similarly, the Palm Terrace Debtors propose to grant PrivateBank a replacement and/or substitute liens on post-petition collateral subject to the Junior Creditor Liens, that are junior to the Prepetition Senior Liens and Senior Adequate Protection Liens (the "Junior Adequate Protection Liens").1 Finally, to the extent that U.S. Food has an interest in cash collateral that must be adequately protected, the Palm Terrace Debtors propose to grant to U.S. Foods a replacement and/or substitute liens on post-petition collateral subject to its lien, with the same validity, extent, and priority as the liens that U.S. Foods possessed on the Petition Date.

20. The Palm Terrace Debtors have discussed the use of cash collateral with PacWest and understand that PacWest is willing to consent to the use of cash collateral in accordance with the terms and conditions of the proposed form of order attached hereto as **Exhibit B**. The Palm Terrace Debtors are currently negotiating certain provisions in PacWest's proposed form of order and intend to continue to negotiate the form of the order with PacWest between the filing of this Motion and the interim hearing on the Motion. The Palm Terrace Debtors expect that the parties will agree on a form of order on no less favorable terms to the Palm Terrace Debtors, and will submit an agreed order for the Court's consideration at the interim hearing.

21. Bankruptcy Rule 4001(b)(2) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

---

1 The Palm Terrace Debtors further believe that the Junior Adequate Protection Liens satisfy the requirements under the Intercreditor Agreement that prohibit an objection to the use of cash collateral when PrivateBank received replacement liens with the same priority as its liens that existed on the Petition Date.

**Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 7**

14-51104 - #15  File 09/05/14  Enter 09/05/14 22:27:02  Main Document  Pg 7 of 11

22. Pursuant to Bankruptcy Rule 4001(b), the Palm Terrace Debtors request that the Court conduct an expedited preliminary hearing on this Motion and authorize the Palm Terrace Debtors to use cash collateral on an interim basis, pending entry of a final order, in order to (i) maintain and finance the Palm Terrace Debtors' ongoing operations, (ii) ensure the safety and proper care and treatment of the residents of the Facilities, and (iii) avoid immediate and irreparable harm and prejudice to their estates and all parties in interest. The Palm Terrace Debtors request that the Court subsequently schedule a Final Hearing to consider the entry of a final order.

23. As discussed above, the Palm Terrace Debtors have an urgent and immediate need to utilize Cash Collateral to continue to operate and maintain the Facilities. Absent immediate authorization from the Court to utilize Cash Collateral, as requested, on an interim basis pending a final hearing on the motion, the Palm Terrace Debtors will be forced to terminate their operations which will create a hardship on current residents as well as destroying any value for creditors. Accordingly, the interim relief requested is critical to preserving and maintaining the value of the Palm Terrace Debtors' estates.

## VII. NOTICE

24. No trustee, examiner, or creditors' committee has been appointed in this case. A copy of this Motion has been served on (i) the United States Trustee for the Western District of Louisiana, (ii) PacWest and its counsel, PrivateBank and the other secured creditors, (iii) the Palm Terrace Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and (iv) certain federal, state and local taxing authorities and governmental entities. The Palm Terrace Debtors submit that no other or further notice need be provided.

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 8

14-51104 - #15 File 09/05/14 Enter 09/05/14 22:27:02 Main Document Pg 8 of 11

## VIII. PRAYER

Accordingly, the Palm Terrace Debtors request that the Court enter an order (i) granting the relief requested in this Motion and (ii) awarding the Palm Terrace Debtors any further relief the Court deems appropriate.

Dated: September 5, 2014

Respectfully submitted,

NELIGAN FOLEY LLP

By: /s/ Patrick J. Neligan, Jr.
    Patrick J. Neligan, Jr.
    Texas State Bar No. 14866000
    pneligan@neliganlaw.com
    James P. Muenker
    Texas State Bar No. 24002659
    jmuenker@neliganlaw.com
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5300
Facsimile: 214-840-5301

PROPOSED COUNSEL FOR THE DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, a true and correct copy of the foregoing document was served on each of the Notice Parties on the attached list by U.S. First Class Mail, postage prepaid. A copy of this Motion was also emailed to the U.S. Trustee.

/s/ Patrick J. Neligan, Jr.
Patrick J. Neligan, Jr.

Motion For Interim and Final Orders Authorizing the Debtor to Use Cash Collateral
and To Provide Adequate Protection To Pre-Petition Secured Lenders - Page 9
80570v.4

14-51104 - #15 File 09/05/14 Enter 09/05/14 22:27:02 Main Document Pg 9 of 11

# PALM TERRACE DEBTORS SERVICE LIST

Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Katten Muchin Rosenman LLP
Attn: Kenneth J. Ottaviano
525 West Monore Street
Chicago, IL 60661-3693

Belfor USA Group Inc.
185 Oakland Avenue, Suite 300
Birmingham, MI 48009-3443

Donnelly Engineering
8751 Commodity Circle, Suite 5
Orlando, FL 32819

Healthcare Services Group Inc.
3220 Tillman Drive, Suite 300
Bensalem, PA 19020

Joerns Healthcare Inc.
P.O. Box 933733
Atlanta, GA 31193

Long Term Care Nutrition
2308 Longmoore Court
Orlando, FL 32835

Maxwell Urethane Roofing Inc.
P.O. Box 150081
Cape Coral, FL 33915

Mobilex USA/Symphony Inc.
930 Ridgebrook Road, 3rd Floor
Sparks Glencoe, MD 21152

RK Collaborative
545 Delaney Avenue, Suite 7
Orlando, FL 32801

Trinity Non-Emergency Transport
P.O. Box 2005
Bartow, FL 33831

Vista Clinical Diagnostics Inc.
4290 South Hwy. 27, Suite 201
Clemont, FL 34711

Pacific Western Bank
5404 Wisconsin Ave., 2nd Floor
Chevy Chase, MD 20815

Bayfront Medical Center Inc.
701 6th Street South
St. Petersburg, FL 33701

Direct Supply Healthcare Equipment
P.O. Box 88201
Milwaukee, WI 53288-0201

Greenberg Traurig LLP
101 East College
P.O. Drawer 1838
Tallahassee, FL 32302

Hendry Regional Medical Center
524 W. Sagamore Avenue
Clewiston, FL 33440

Littler Mendelson, P.C.
P.O. Box 45547
San Francisco, CA 94145-0547

Maintenance Warehouse
P.O. Box 509058
San Diego, CA 92150-9058

Medline Industries
P.O. Box 382075
Pittsburg, PA 15251-8075

Omnicare Pharmacy
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

Specialize Medical Services Inc.
7237 Solution Center
Chicago, IL 60677-7002

U.S. Foodservice
3682 Collection Center Drive
Chicago, IL 60693-0036

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

80630v.1

Florida Department of Health
Div. Medical Quality Assurance
4052 Bald Cypress Avenue
Tallahassee, FL  32399-3260

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

American Express Finance
P.O. Box 1270
Newark, NJ  07101

Joseph P. Hebert
Liskow & Lewis
822 Harding Street
Lafayette, LA  70503

Polk County Tax Assessor
430 East Main Street
Bartow, FL  33830

PrivateBank and Trust Company
120 South LaSalle Street
Chicago, IL  60603

Cannon Financial Services Inc.
14904 Collection Center Drive
Chicago, IL  60693-0149

William H. Patrick III
Tristan Manthey
Cherie D. Nobles
Heller, Draper, Patrick, Horn & Dabney LLC
650 Poydras Street, Suite 2500
New Orleans, LA  70130